UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL RODRIGUEZ,<br><br>                   Petitioner,<br><br>vs.<br><br>JAMES T. CONWAY, Superintendent,<br>Attica Correctional Facility,<br><br>                   Respondent. | No. 9:07-cv-00125-JKS<br><br>MEMORANDUM DECISION |

Petitioner Daniel Rodriguez, a state prisoner proceeding *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Rodriguez is currently in the custody of the New York Department of Correctional Services, incarcerated at the Attica Correctional Facility. Respondent has answered, and Rodriguez has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

Rodriguez was convicted in Greene County Court, after a jury trial, of one count each of Murder in the Second Degree (N.Y. Penal Law § 125.25(1)) and Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law § 265.03(2)). As a second felony offender, the trial court sentenced Rodriguez to an indeterminate prison term of from 25 years to life on the murder conviction and a determinate prison term of 15 years, plus 5 years' post-release supervision, on the weapons possession conviction. These sentences were ordered to run concurrently.

Rodriguez appealed his conviction to the Appellate Division, Third Department, which reversed his conviction on the basis that he had been improperly denied the opportunity to

present a defense of mental disease or defect.[1] On remand, Rodriguez abandoned that defense, and the Greene County Court reinstated his conviction and sentence. On timely appeal, the Appellate Division vacated its earlier decision and affirmed the conviction and sentence, and the New York Court of Appeals denied leave to appeal on July 21, 2006.[2] Rodriguez timely filed his petition for relief in this Court on February 2, 2007.

## II. GROUNDS RAISED/DEFENSES

In his petition to this Court Rodriguez raises a single ground: Granting the motion to reinstate his prior conviction after a new trial was ordered without holding a new trial violated his right to confront his accusers. Accordingly, Rodriguez asserts he is entitled to a new trial. Respondent does not assert any affirmative defenses.[3]

In his Traverse, Rodriguez appears to raise an additional ground: He was denied his Sixth Amendment right to counsel of his choice when the trial court relieved his counsel, substituted new counsel, and denied his motion to reinstate prior counsel. This Court does not ordinarily consider grounds raised for the first time in the traverse. "The petition must: (1) specify *all* the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested . . . ."[4] To the extent that Rodriguez wishes to raise additional grounds, the proper procedure would be to file a motion to amend the petition under Federal Rule of Civil Procedure 15. In this case, however, such a motion would be futile because the amendment

---

[1] *People v. Rodriguez*, 781 N.Y.S.2d 755 (N.Y. App. Div. 2004).

[2] *People v. Rodriguez*, 817 N.Y.S.2d 404 (N.Y. App. Div.), *lv. denied*, 854 N.E.2d 1288 (N.Y. 2006) (Table).

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] Rules—Section 2254 Cases, Rule 2(c) (emphasis added).

would not relate back to the initial filing and would, therefore, be barred by the one-year limitation period of 28 U.S.C. § 2244(d)(1).[5] Consequently, this Court declines to address this ground.[6]

### III.  STANDARD OF REVIEW

Because Rodriguez filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[8]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[9]  When a claim falls

---

[5] *See Mayle v. Felix*, 545 U.S. 644, 655–64 (2005) (discussing at length the interplay between Habeas Rule 2(c) and Federal Rule of Civil Procedure 15).

[6] The Court also notes that the Appellate Division held that, given the fact there would be no new trial, whether the trial court abused its discretion in replacing his trial counsel was rendered moot.  *Rodriguez*, 817 N.Y.S.2d at 405.

[7] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[8] *Williams*, 529 U.S. at 412.

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van
(continued...)

under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[10]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[11]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[12]

In applying this standard, this Court reviews the last reasoned decision by the state court.[13]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]

To the extent that Rodriguez raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal

---

[9](...continued)
*Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[12] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[13] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

law.[15] A federal court must accept that state courts correctly applied state laws.[16] A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[17] A federal court may not issue a habeas writ based upon a perceived error of state law unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[18]

## IV.  DISCUSSION

Rodriguez contends that by reinstating his conviction and sentence the state courts violated his Sixth Amendment rights by depriving him of the right to confront his accusers. Specifically, Rodriguez contends that the state courts violated his constitutional rights when, notwithstanding the fact that a new trial had been ordered on appeal, his prior conviction and sentence were reinstated without a new trial. The Appellate Division rejected Rodriguez's arguments:

> After a jury trial, defendant appealed his convictions, arguing that County Court's refusal to adjourn the trial had deprived him of his right to present the potential defense of mental disease or defect. This Court concluded that County Court had erred in denying defendant a reasonable period of time to explore the availability of the defense (6 A.D.3d 814, 816-817, 776 N.Y.S.2d 105 [2004]). We withheld decision on his appeal and remitted the matter for a psychological evaluation (*id.*). Upon remittal, a psychologist determined that defendant may not have appreciated the nature and consequences of his actions.  We then reversed his convictions and

---

[15] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[16] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) (overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584 (2002)).

[17] *See Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002).

[18] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

ordered a new trial (10 A.D.3d 737, 738, 781 N.Y.S.2d 755 [2004]). Thereafter, County Court sought to schedule the matter for trial. After several delays that were attributable to the assigned defense counsel, County Court removed him and, over defendant's objections, assigned new counsel. Ultimately, after consulting with both his former and new counsel, defendant unequivocally decided not to present the defense of mental disease or defect at the new trial. Citing this decision, the People moved for reinstatement of defendant's convictions. After a hearing, County Court found that since the purpose of the new trial was to permit presentation of the psychological defense and defendant had elected not to do so, no new trial was required. The court then reinstated defendant's convictions, prompting this appeal.

Inasmuch as we did not expressly condition our reversal of defendant's convictions and remittal for a new trial upon his presentation of a psychological defense, County Court lacked the power to ignore the remittitur and reinstate the convictions (*see* CPL 470.45; *Matter of Trager v. Kampe,* 16 A.D.3d 426, 427-428, 791 N.Y.S.2d 153 [2005]). The proper procedure would have been for the People to move for reconsideration in this Court (*see People v. Burdash,* 102 A.D.2d 948, 949, 478 N.Y.S.2d 89 [1984]). Nevertheless, in view of the record now before us, we will treat the People's motion to County Court for reinstatement of the convictions as an application for reconsideration of our prior order. In light of defendant's decision not to present a psychological defense, said motion is granted and, upon reconsideration, we agree that our remittal was implicitly conditioned upon presentation of a defense that has now been unequivocally abandoned. Accordingly, we will vacate our prior order and affirm defendant's convictions. As there will be no new trial, this determination renders moot defendant's further contention that County Court abused its discretion in replacing his trial counsel (*see People v. Wolfe,* 288 A.D.2d 500, 501, 731 N.Y.S.2d 821 [2001]).

ORDERED that the People's motion for reconsideration is granted, the memorandum and order of this Court dated and entered September 16, 2004 is vacated, and the judgment rendered March 5, 2002, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, is affirmed.[19]

The significant fact that Rodriguez overlooks is that the same court that ordered a new trial, upon reconsideration of its prior order, vacated that order and affirmed his earlier

---

[19] *People v. Rodriguez*, 817 N.Y.S.2d 404, 404-05 (N.Y. App. Div.), *lv. denied*, 854 N.E.2d 1288 (N.Y. 2006) (Table).

conviction. Rodriguez had his day in court, was allowed to present his defenses, and was convicted by a jury of his peers. Due process does not demand more. To the extent that Rodriguez argues that the Greene County Court and the Appellate Division erred under state law, that is a question beyond the purview of this Court in a federal habeas proceeding. Rodriguez has not presented a federal constitutional issue. Rodriguez has not cited any authority that supports his contentions that under the Constitution he is entitled to a new trial where the appellate court that ordered the retrial in the first instance later vacates that order and affirms the original judgment.[20] Nor has independent research by the Court revealed the existence of any supporting authority. Accordingly, given the total absence of federal authority on the right to a retrial in the situation before this Court, this Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[21]

## V.  CONCLUSION AND ORDER

Rodriguez is not entitled to relief on the ground raised in his petition.[22]

---

[20] Neither *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), nor *United States v. Augenblick*, 393 U.S. 348, 356 (1969), cited by Rodriguez supports his position. In *Donnelly*, the Supreme Court held that prosecutorial misconduct did not amount to the denial of a specific right guaranteed by the Constitution. In *Augenblick*, the Supreme Court noted that, in the absence of express constitutional mandates, a constitutionally unfair trial occurs only where barriers and safeguards are so relaxed or forgotten that the proceeding is more a spectacle than a disciplined contest. This is not the case in this matter.

[21] 28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).

[22] There is no Fifth Amendment double jeopardy issue. Rodriguez was convicted of his
(continued...)

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[23]  No reasonable jurist could find that the decision of the Appellate Division, Third Department, was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  October 16, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[22](...continued)
crimes and his duress defense rejected by the jury.  On appeal the court did not question the sufficiency of the evidence, it reversed for the sole purpose of permitting a new trial at which Rodriguez could present a mental health defense.  The appellate decision did not terminate proceedings; the remand contemplated further proceedings.  When on post appeal Rodriguez abandoned a mental health defense, the reason for the new trial disappeared.  The appellate court simply recognized that fact, reconsidered its earlier decision and restored the *status quo ante*.

[23] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).